UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ISMAEEL K. AL KINI,                                                                         Petitioner,

v.                                                           Civil Action No. 3:21-cv-P486-DJH

JESSE FERGUSON,                                                        Respondent.

\* \* \* \* \*

### **MEMORANDUM OPINION**

Petitioner Ismaeel K. Al Kini filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Al Kini to show cause why his petition should not be dismissed as time-barred under the applicable one-year statute of limitations. Al Kini did not file a response to the Show Cause Order. Upon review, for the reasons set forth below, the Court will dismiss the petition as untimely.

### **I. FACTUAL AND PROCEDURAL BACKGROUND**

The petition shows that Al Kini was convicted by a jury of criminal attempt to commit murder and first-degree burglary in Jefferson County Circuit Court and sentenced to 40 years' imprisonment on March 4, 2013. According to the petition, Al Kini filed an appeal, which was denied by the Kentucky Supreme Court on September 24, 2015. Al Kini filed a Kentucky Rule of Criminal Procedure (RCr) 11.42 motion on May 1, 2016, which was denied on October 17, 2016. Al Kini filed an appeal of the denial on August 11, 2017, and the Kentucky Court of Appeals affirmed the denial of the RCr 11.42 motion on March 27, 2020. Al Kini states that the Kentucky Supreme Court denied discretionary review on August 31, 2020.

Al Kini filed the instant petition for a writ of habeas corpus in this Court on July 22, 2021.[1]

## II. ANALYSIS

Because Al Kini's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

---

[1] Under the mailbox rule, the petition is deemed filed on the date it was presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

Here, Al Kini's conviction became final, for purposes of the AEDPA's statute-of-limitations period, on December 23, 2015, 90 days after the Kentucky Supreme Court affirmed his conviction when the 90-day time period for filing a petition for a writ of certiorari to the United States Supreme Court ended. *See Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Therefore, his statute of limitations would have expired one year later on December 23, 2016.

However, according to the petition, Al Kini filed a post-conviction motion challenging his state-court conviction on May 1, 2016. The statute of limitations is tolled during the period of time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2). "An application for post-conviction or other collateral review is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001). A post-conviction application that is untimely filed is not "properly filed" for purposes of § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

The petition states that Al Kini's RCr 11.42 motion was denied on October 27, 2016. Al Kini had 30 days to appeal the denial, or until November 28, 2016.[2] *See* Ky. Rule Crim. P. 12.04(3). He did not file his appeal until August 11, 2017. Although that appeal was untimely, the Kentucky Court of Appeals addressed the appeal on the merits. *See Al Kini v. Commonwealth*, No. 2017-CA-552-MR, 2020 Ky. App. Unpub. LEXIS 225 (Ky. App. Mar. 27, 2020). Therefore, the Court presumes that the Kentucky Court of Appeals permitted Al Kini to file a belated appeal. However, "[b]ecause [Al Kini] did not properly file his post-conviction

---

[2] The 30-day appeal time actually ended on November 26, 2016, but since that date fell on a Saturday, "the period continue[d] to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

petition with the Kentucky Court of Appeals—even though the state appellate court ultimately considered his motion—he was not entitled to statutory tolling while the state court reviewed his untimely appeal." *Edmonds v. White*, No. 17-5759, 2018 U.S. App. LEXIS 37138, at *6 (6th Cir. Feb. 1, 2018). Therefore, the statute of limitations was not tolled during the time in which Al Kini was pursuing his belated appeal.

Between the date that Al Kini's conviction became final, December 23, 2015, and the date he filed his time-tolling RCr 11.42 motion, May 1, 2016, 130 days elapsed. The statute of limitations was tolled during the pendency of his RCr 11.42 motion. It started to run again on November 28, 2016, when the 30-day period for appealing the denial of his RCr 11.42 motion ended. From that date, Al Kini had 235 days remaining on the one-year statute of limitations to file his § 2254 petition in this Court. In other words, Al Kini had 235 days, or until July 21, 2017, to file a timely § 2254 petition. Al Kini did not file the instant § 2254 petition until July 22, 2021.[3]

Therefore, Al Kini's § 2254 petition seeking a writ of habeas corpus from this Court, filed four years after the expiration of the statute of limitations, is time-barred. However, § 2254's statute of limitations is not jurisdictional and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418

---

[3] The Court notes that, even if the statute of limitations had been tolled during Al Kini's appeal and began to run when the Supreme Court denied his motion for discretionary review on August 31, 2020, the petition would still be time-barred. Al Kini would have had 235 days, or until April 26, 2021, to file a timely § 2254 petition. His petition would have been filed almost three months after the statute of limitations expired.

4

(2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Ignorance of the law alone does not excuse late filing. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

Before dismissing the motion as time-barred, the Court provided Al Kini with an opportunity to respond to show cause why he is entitled to equitable tolling. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). However, Al Kini failed to respond to the Court's Show Cause Order or to otherwise meet his burden in establishing that he satisfies the elements required for equitable tolling. Therefore, the Court finds that equitable tolling is not appropriate in this case.

For these reasons, the Court concludes that this petition is untimely. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Al Kini appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the

matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: February 11, 2022

David J. Hale, Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4415.010